**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HYDEACARR CAMPBELL, | : | |
|  | : | Civil Action No. 12-2750 (SDW) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| DR. JOHN DOE/DR. JANE DOE NEW JERSEY STATE PRISON CHIEF OF MEDICAL STAFF, et al., | : | |
|  | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Defendant Ralph Woodward's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), seeking the dismissal of Plaintiff's first amended complaint. (ECF No. 43). Plaintiff filed a response to the motion (ECF No. 49), to which Defendant Woodward replied. (ECF No. 52). In his response, Plaintiff, in the alternative to the denial of the motion to dismiss, also requested leave to file an amended complaint. (ECF No. 49). For the following reasons, this Court will grant the motion to dismiss only to the extent that Defendant seeks the dismissal of Plaintiff's official capacity claims, deny the motion to the extent Defendant seeks dismissal of Plaintiff's individual capacity claims, and will deny Plaintiff's request for leave to amend his complaint without prejudice at this time.

**I. BACKGROUND**

As this Court has previously summarized the basic facts underlying Plaintiff's claims in its prior screening opinion (ECF No. 2), only a brief summary of the facts and procedural history of this matter is necessary for the purposes of this opinion. On or about May 7, 2012, Plaintiff, Hydeacarr Campbell, filed a complaint asserting that various officials at New Jersey State Prison and several related facilities had violated his constitutional rights by failing to properly treat him following a pair of surgeries to remove a cyst under his right armpit and to combat an inflammatory infection in his right buttock area. (ECF No. 1). On January 22, 2013, this Court entered an order and opinion screening the complaint and permitting Plaintiff's claim that the New Jersey State Prison medical staff had failed to treat him following his surgeries to proceed as a claim for deliberate indifference to medical needs in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. (ECF No. 2-3). Plaintiff made several attempts to serve the chief of medical staff of the prison, but was unsuccessful until after the appointment of counsel on June 20, 2014. (ECF No. 16).

On May 18, 2015, summons was returned executed as to Defendant Woodward, who the summons identified as the Dr. John Doe fictitious Defendant named in place of the chief of the prison's medical staff. (ECF No. 23-24). Following counsel's entry of an appearance in this matter on behalf of Dr. Woodward, counsel for the doctor submitted a letter to the Court in June 2015 stating that Dr. Woodward was not a proper party to this action as he is the Medical Director for the New Jersey Department of Corrections, and not the chief of medical staff at the prison, who the letter identifies as most likely an employee of Rutgers University Correctional Healthcare, which provides medical care at the prison. (ECF No. 27). Efforts were thereafter made by Magistrate Judge Mannion and the parties to identify the correct Defendant. (ECF Nos. 29-31).

On August 19, 2015, new counsel was assigned to Plaintiff. (ECF No. 32). Following several extensions, new counsel filed an amended complaint on October 8, 2015. (ECF No. 38). Although the amended complaint was based on the same facts as the original – i.e. the failure to provide Plaintiff with proscribed medical treatment after his surgeries – the amended complaint specifically named as Defendants, among others, a fictitious John Doe in place of the Chief of Medical Staff at New Jersey State Prison and Dr. Ralph Woodward in both his individual and official capacities. (ECF No. 38). Although the complaint named both the John Doe and Dr. Woodward separately, the amended complaint contained a specific allegation that Defendant Woodward "was the New Jersey State Prison Chief of Medical Staff and, acting under the color of state law, provide[d] medical care and treatment to inmates in New Jersey State prisons." (*Id.* at 2). In the amended complaint, Plaintiff further asserts that Dr. Woodward was "made aware of Plaintiff's [post-surgery] after care needs by [the surgeon's] reports[, but] never scheduled Plaintiff for any type of rehabilitative treatment." (*Id.* at 5-6). Plaintiff thus asserts that Dr. Woodward, along with the remaining Defendants, was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment by failing to treat Plaintiff for his post-surgery condition. (*Id.* at 5-8). In his complaint, Plaintiff requests compensatory damages, consequential damages, punitive damages, attorneys' fees and costs, but does not seek any declaratory or injunctive relief. (*Id.* at 11).

On November 20, 2015, Defendant Woodward filed the instant motion to dismiss. (ECF No. 43). In his motion, Woodward argues, *inter alia*,[1] that he is not the chief of medical staff at

---

[1] In the initial motion to dismiss, Dr. Woodward also argued that Plaintiff's claims were time barred. (ECF No. 43). Defendant withdrew that claim without prejudice in his reply brief, however. (ECF No. 52 at 8).

3

the New Jersey State Prison, and was thus in no way involved in the after care decisions which affected Plaintiff.  (*Id.*).  In support of this contention, Woodward submitted with his motion a certification in which he asserts that he is the "Director of the Health Services Unit in Trenton, New Jersey," that he "oversee[s] the contracts between the State of New Jersey and the medical care provider[s] contracted to provide" care to prison inmates and "is also responsible for writing policy and procedure."   (Document 4 attached to ECF No. 43).   Dr. Woodward certifies, however, that he does not "routinely engage in the administration or practice of medicine for the New Jersey Department of Corrections [. . . . and] made no decisions regarding Plaintiff's care."  (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).   According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.

4

2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).

**B.  Analysis**

**1.  Dr. Woodward's Certification**

Initially, this Court must address the question of whether it can properly consider Dr. Woodward's certification in deciding this motion to dismiss.  As the Third Circuit has explained,

> "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996), *superseded on other grounds by* PSLRA, 15 U.S.C. § 78u-4(b)(2)).  "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint."  *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)).  "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited."  *Id.*

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Defendant asserts that the certification of Dr. Woodward is an authentic document which could be considered because Plaintiff's complaint is based upon it.  Nothing in the complaint, however, suggests that the certification of Dr. Woodward, which was made in response to

5

Plaintiff's amended complaint, was in any way the basis of Plaintiff's allegations.  Considering the fact that the certification specifically seeks to negate Plaintiff's allegations, quite the opposite is true in this case.  As such, and because a post-complaint certification is not the sort of document conceived of in the case law, this Court cannot consider Dr. Woodward's certification in deciding the instant motion to dismiss.

For the first time in his reply brief, however, Defendant Woodward suggests that, if the Court may not consider his certification, it should instead convert his motion to a motion for summary judgment.[2]  "A moving party may not raise issues and present new factual materials in a reply brief that it should have raised in its initial brief."  *D'Allessandro v. Bugler Tobacco Co.*, Civil Action No. 05–5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) (quoting *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir.1992)).  The reason for this rule is clear: sur-replies are not permitted absent express permission from the court and the opposition has not received an opportunity to address the newly raised issue.  *Id.*  For that reason, this Court need not address the conversion issue.

Even were this not the case, the late raising of the issue has implications in the conversion context as well. A "district court properly converts a motion to dismiss into a motion for summary judgment if (1) the materials submitted go outside of the pleadings and are not excluded by the court and (2) the parties had adequate notice of the . . . intention to convert."  *Brown v. U.S. Steel Corp.*, 462 F. App'x 152, 155 (3d Cir. 2011); *see also In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).  Here, Defendant did not raise the possibility of conversion

---

[2] Defendant, in support of this assertion, cites to various New Jersey Court Rules.  (ECF No. 52 at 2).  As this is a case based on a federal cause of action, filed in federal court, the New Jersey Court Rules play no part in this Court's determination.

until his reply brief, after Plaintiff's final opportunity to respond absent express permission to file a sur-reply. Defendant has neither previously placed Plaintiff on notice of any intention to convert his motion, nor has Defendant complied with the procedures for bringing a motion for summary judgment. *See* Fed. R. Civ. P. 56. Because of the late raising of this issue, Defendant has also deprived Plaintiff of the opportunity to file a Rule 56(d) affidavit explaining why discovery is necessary to address the assertions Dr. Woodward makes in his certification.[3] *See Brown*, 462 F. App'x at 155. Given the procedural posture of this motion, the lack of clear notice to Plaintiff, and the late raising of the conversion issue, this Court will not convert the motion, but will instead decide this motion to dismiss without considering Dr. Woodward's certification, which shall be excluded. *Id.* Although this Court must deny Defendant's request to convert this motion into a motion for summary judgment at this time, that request is denied without prejudice to Defendant's filing of a procedurally proper motion for summary judgment at a more appropriate time.

**2. Plaintiff's Official Capacity Claims**

Plaintiff has named Dr. Woodward in both his individual and official capacities. A suit against a state employee in his official capacity represents nothing more than an alternative means by which to bring suit against the entity which employs him. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *see also Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *see also Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 71 (1989). A suit against one of a State's units or departments is "no different from a suit against the state itself." *Grohs*, 984 F.

---

[3] This consideration is especially important in this matter considering the fact that the only evidence provided is a certification made by Defendant himself, without supporting documentation not produced by the Defendant himself in response to the complaint.

7

Supp. 2d at 280. Suits against the state for money damages are barred by the Eleventh Amendment, and a state's departments, including the New Jersey Department of Corrections, are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id.; see also Ewing v. Cumberland Cnty.*, No. 09-5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, No. 12-5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Because Dr. Woodward is an employee of the New Jersey Department of Corrections, because the Department is immune from suit for money damages under the Eleventh Amendment, and because the Department is not a "person" subject to suit under § 1983, all of Plaintiff's current § 1983 claims against Dr. Woodward in his official capacity must be dismissed with prejudice to the extent Plaintiff seeks only money damages. *Grohs*, 984 F. Supp. 2d at 280; *Grabow*, 726 F. Supp. at 538-39.

### 3. Plaintiff is Not Required to Plead Exhaustion

Defendant also argues that Plaintiff's claims must be dismissed because Plaintiff has not proactively pled that he has exhausted all administrative remedies in his amended complaint. Although a plaintiff in a federal civil rights action is required to exhaust his administrative remedies before bringing suit in federal court, federal pleading rules do not require that a plaintiff affirmatively plead exhaustion in his complaint in order to survive a motion to dismiss. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007). Failure to exhaust is instead an affirmative defense which must be established. *Id.* at 216-17. Thus, dismissal of a complaint at the motion to dismiss stage based upon a failure to exhaust would be appropriate only where the plaintiff has specifically chosen to plead that he has failed to exhaust. *See Id.* at 212-17. Plaintiff's amended complaint contains no allegations which would specifically suggest a failure to exhaust, and is instead silent on that issue. As such, nothing in the complaint demonstrates a failure to exhaust, and Plaintiff's complaint may not be dismissed on that basis.

### 4. Plaintiff's Individual Capacity Claims

Finally, Defendant argues that Plaintiff's claims against him in his individual capacity must be dismissed. In his original motion, Defendant specifically argues that Plaintiff's claim against Dr. Woodward is truly only an official capacity claim, and must therefore be dismissed as such based on Eleventh Amendment immunity. Defendants, however, are mistaken. The Eleventh Amendment does not bar suits against a state official in his individual capacity even if the actions which are the subject of the suit were taken by that official as part of his governmental duties. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). Thus, Defendant *is* a person to the extent that Plaintiff

9

pleads a claim against him in his individual capacity, and he is not entitled to Eleventh Amendment immunity on the basis of the record before this Court on those individual capacity claims. *Id.* As such, this Court must deny Defendant's motion to dismiss to the extent that it seeks the dismissal of Plaintiff's individual capacity claims.

In his reply brief, Defendant attempts to raise a new argument and assert that Plaintiff has pled insufficient facts to make out a claim that Defendant, either personally or as a supervisor, was liable for deliberate indifference to Plaintiff's post-surgery medical needs. As with the conversion argument discussed previously, this Court need not address this claim because it was raised for the first time in Defendant's reply brief. *D'Allessandro*, 2007 WL 130798 at *2; *see also Int'l Raw Materials, Ltd.*, 978 F.2d at 1327 n. 11. That said, Plaintiff's amended complaint essentially asserts that Defendant was made aware of Plaintiff's needs as prescribed by his surgeon, ignored those needs, and thus was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. As this Court explained in its original screening opinion, that is sufficient to state a claim under § 1983 against Defendant in his individual capacity based on Defendant's own conduct as Plaintiff's assertions, if true, would be sufficient to establish the reasonable inference that Defendant, through his own actions, violated Plaintiff's Eighth Amendment rights.[4] (*See* ECF No. 2 at 10-11); s*ee also A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F. 3d 572, 585-86 (3d Cir. 2004). As such, this Court will deny Defendant's motion to dismiss as to Plaintiff's individual capacity claims.

---

[4] Whether these alleged facts would be sufficient to state a claim for supervisory liability is less clear, *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *overruled on other grounds*, --- U.S. ---, 135 S. Ct. 2042 (2015); *see also A.M.*, 372 F. 3d at 586, but as that point is not currently before this Court, it will not be addressed here.

10

### 5. Plaintiff's Request for Leave to Amend

In his opposition brief, Plaintiff suggests that, to the extent that he has failed to state a claim for relief, he should be provided leave to amend his complaint. In so doing, however, Plaintiff did not submit a proposed amended complaint. Because Plaintiff may no longer amend his complaint as of right, *see* Fed. R. Civ. P. 15(a)(1), he may only do so with either Defendants' consent, or leave of this Court. Fed. R. Civ. P. 15(a)(2). Although leave to amend is to be freely given, *see id.*, Local Rule 7.1(f) requires that any party filing a motion for leave to file an amended complaint "shall attach to the motion a copy of the proposed pleading." The "failure to provide a draft amended complaint" is "an adequate basis on which [a district] court [may] deny" a plaintiff's motion for leave to file an amended complaint. *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000). Because Plaintiff has failed to file a proposed amended complaint, Plaintiff's request for leave to amend his complaint shall be denied without prejudice at this time. *Id.*

### III. CONCLUSION

For the reasons stated above, this Court will grant Defendant's motion to dismiss only as to Plaintiff's official capacity claims, will deny the motion as to Plaintiff's individual capacity claims, and will deny Plaintiff's request for leave to amend without prejudice. An appropriate order follows.

May 4, 2016                                                                 *s/ Susan D. Wigenton*
                                                                             Hon. Susan D. Wigenton,
                                                                             United States District Judge

11