***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HYDEACARR CAMPBELL, | : | |
| | : | Civil Action No. 12-2750 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DR. JOHN DOE/DR. JANE DOE NEW JERSEY STATE PRISON CHIEF OF MEDICAL STAFF, et al., | : | |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

Presently before the Court is the motion to dismiss or in the alternative for summary judgment brought by Defendant Corizon/Correctional Medical Services, Inc. (CMS), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, seeking the dismissal of Plaintiff's first amended complaint. (ECF No. 71). Plaintiff filed a response to the motion (ECF No. 80), to which Defendant CMS has replied. (ECF No. 81). For the following reasons, this Court will grant the motion to dismiss and dismiss Plaintiffs claims against CMS as time barred.

**I. BACKGROUND**

In a recent opinion on another Defendant's motion to dismiss, this Court summarized Plaintiff's basic factual allegations and the history of this matter as follows:

> On or about May 7, 2012, Plaintiff, Hydeacarr Campbell, filed a

> complaint asserting that various officials at New Jersey State Prison and several related facilities had violated his constitutional rights by failing to properly treat him following a pair of surgeries to remove a cyst under his right armpit and to combat an inflammatory infection in his right buttock area. (ECF No. 1). On January 22, 2013, this Court entered an order and opinion screening the complaint and permitting Plaintiff's claim that the New Jersey State Prison medical staff had failed to treat him following his surgeries to proceed as a claim for deliberate indifference to medical needs in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. (ECF No. 2-3). Plaintiff made several attempts to serve the chief of medical staff of the prison, but was unsuccessful until after the appointment of counsel on June 20, 2014. (ECF No. 16).
>
> . . . .
>
> On August 19, 2015, new counsel was assigned to Plaintiff. (ECF No. 32). Following several extensions, new counsel filed an amended complaint on October 8, 2015. (ECF No. 38). Although the amended complaint was based on the same facts as the original – i.e. the failure to provide Plaintiff with proscribed medical treatment after his surgeries – the amended complaint specifically named [several new] Defendants[.]

(ECF No. 53 at 2-3).

While several of the Defendants in Plaintiff's amended complaint, such as the named doctors, were intended to replace fictitious John Doe Defendants in the original complaint, Defendants were not previously named, either fictitiously or otherwise, including moving Defendant CMS. (ECF No. 1; ECF No. 38). According to Plaintiff's amended complaint, CMS, alongside another entity, specifically the University of Medicine and Dentistry of New Jersey (UMDNJ), is a corporation which was contracted to provide medical services within the New Jersey Prison System, who employed at least some of the remaining John and Jane Doe medical staff. (ECF No. 38 at 2-3). As to CMS, Plaintiff essentially pleads that CMS and its employees were made aware of the after care needs of Plaintiff following his surgeries, and then provided him

2

none of the prescribed after care, thus depriving him of treatment in violation of the Eighth Amendment. (*Id.* at 5-7). Plaintiff further asserts that CMS "failed to adopt, formulate, maintain, and enforce customs, policies, and procedures to insure that Plaintiff was not subjected to deliberate indifference" to his serious medical needs, that CMS's employees were provided the prescriptions for after care treatment, that those employees failed to provide it, and that CMS was therefore in turn deliberately indifferent to Plaintiff's needs. (*Id.* at 8-9). Plaintiff does not identify what policies, practices, or customs CMS had or failed to create, nor does he otherwise specify how CMS itself, rather than through its employees, was otherwise directly involved in his denial of care.

Following service upon them, Defendant CMS filed the instant motion to dismiss or in the alternative for summary judgment. (ECF No. 71). CMS argues that the claims against it are time barred and that Plaintiff in any event has failed to plead a claim against CMS through means other than *respondeat superior*. While Defendant asserts that its arguments are sufficient to establish entitlement to a dismissal with prejudice, Defendants also move alternatively for summary judgment, arguing that this matter must be time barred because the contract between CMS and New Jersey expired in 2008, and that CMS has provided no services to New Jersey or its prisons since that time. Defendants provide a copy of the final contract to their motion, which lists the termination date of the contract between New Jersey and CMS as September 30, 2008. (Document 6 attached to ECF No. 71).

**II. DISCUSSION**

**A. Legal Standard**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

**1. Whether this motion should be converted to a motion for summary judgment**

A "district court properly converts a motion to dismiss into a motion for summary judgment if (1) the materials submitted go outside of the pleadings and are not excluded by the court and (2) the parties had adequate notice of the . . . intention to convert." *Brown v. U.S. Steel Corp.*, 462 F. App'x 152, 155 (3d Cir. 2011); *see also In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Thus, this Court need only treat the current motion as a motion for

summary judgment to the extent that it must look beyond those documents appropriate at the motion to dismiss stage to decide the issue before it. In deciding a motion to dismiss,

> ". . . courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996), *superseded on other grounds by* PSLRA, 15 U.S.C. § 78u-4(b)(2)). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated '[w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Id.*

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

The document Defendants seek to have the Court consider in this matter is a copy of the most recent contract between CMS and the State of New Jersey. Although that document may be publically available, it is safe to say that such a contract goes beyond the type of matter of public record that a court can consider in a motion to dismiss. *Id.* Likewise, there is no evidence that Petitioner relied upon or otherwise considered the contract in drafting his complaint. This Court therefore cannot consider the contract without converting this matter to a motion for summary judgment. *Id.* Because this Court does not need to consider the contract to decide this motion, however, the Court need not convert this pleading into a motion for summary judgment and will instead decide the matter under the motion to dismiss standard provided above.

5

**2. Plaintiff's Claims against CMS are time barred**

All of Plaintiff's claims against CMS in his current amended complaint are based on Defendants' alleged deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and are therefore brought pursuant to 42 U.S.C. § 1983. Claims brought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to a two year statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). A deliberate indifference claim will therefore accrue, and the statute of limitations for that claim will begin to run, when Plaintiff became aware of the fact that he wasn't receiving appropriate treatment. *See, e.g., Hughes v. Kniebhlher*, 341 F. App'x 749, 751-52 (3d Cir. 2009); *Baker v. Barnes*, No. 11-992, 2012 WL 95363, at *4 (D.N.J. Jan. 12, 2012).

CMS argues that Plaintiff's claims against it are time barred because Plaintiff knew he was not receiving his aftercare treatment in 2008 after he failed to receive care following his surgery, and thus was aware of his injuries. CMS therefore contends Plaintiff had to file his complaint by, at the latest, October 2010 to comply with the two year statute of limitations. Plaintiff raises two arguments in response – first, that a deliberate indifference claim does not accrue until the plaintiff is released from prison, and that this Court cannot determine when Plaintiff knew of his injuries without discovery. This Court will turn first to Plaintiff's discovery argument.

Although Plaintiff is correct that it is not entirely clear when Plaintiff first discovered his injuries, this Court need not await discovery to decide Defendant's timeliness argument. Even if

this Court were to assume that Plaintiff did not immediately discover the lack of treatment he alleges, Plaintiff was clearly aware of this alleged lack of treatment by the time he filed his original complaint in May of 2012, as evinced by his filing of that complaint.  (ECF No. 1).  Thus, absent some argument for tolling or delaying accrual of the statute of limitations, Plaintiff's claim had accrued by May 2012, and his statute of limitations would have run, at the latest by May 2014, more than a year before Plaintiff filed his amended complaint in which he first raised claims against CMS.  Absent some basis for tolling, Plaintiff's claims are clearly time barred as to CMS.[1]

The Court now turns to Plaintiff's argument that the statute of limitations only accrued when Plaintiff was released from prison in 2014.  In support of his assertion that a claim for deliberate indifference does not accrue until a plaintiff is released from prison, Plaintiff relies on two cases – *Heilman v. T.W. Ponessa & Assoc.*, No. 08-1667, 2009 WL 82707, at *4 (3d Cir. Jan. 14, 2009), and *Wilson v. Lehman*, 224 F. App'x 707 (9th Cir. 2007) – both of which are non-precedential opinions, one of which is from outside this circuit.   Plaintiff first incorrectly contends

---

[1] Plaintiff does not explicitly argue in his briefing that his amended complaint should relate back to the date of his original complaint.  Even if Plaintiff had attempted to raise such an argument, Plaintiff's claims against CMS could not relate back because he cannot meet the requirements of Fed. R. Civ. P. 15(c)(3).  Specifically, Plaintiff cannot show that CMS received notice of his claims within the Rule 4(m) period following the proceeding of his complaint in January 2013, nor that CMS should have known that it would have been sued but for a mistake as to a party's identity in the drafting of Plaintiff's complaint as Plaintiff sought to make no claims against an entity or fictitious party which could arguably be identified with CMS in that document.  *See, e.g.,* Fed. R. Civ. P. 15(c)(3); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003); *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001) (describing when a newly added Defendant can be construed to have received notice either because it shares an attorney with a timely named and served party or is identical of interest to such a party).  Because Plaintiff mistakenly named no other party in place of CMS, nor provided notice to any Defendant who shares a lawyer or an identity of interest with CMS, Plaintiff's amended complaint cannot be said to relate back to his original complaint for statute of limitations purposes.  *Singletary*, 266 F.3d at 196-97.

that *Heilman* stands for the proposition that a deliberate indifference claim accrues when a plaintiff is released from prison. In *Heilman* the Third Circuit noted that a § 1983 cause of action accrues "when the plaintiff knew or should have known of the injury" the action is based on, and that for a denial of treatment claim, such a deprivation would have to have occurred between the date of his incarceration and release. *Heilman*, 2009 WL 82707 at *4. The point of that observation was not to create a new rule for accrual, but instead to assert that the *Heilman* plaintiff's claim had to have accrued by the time he was released, which, in that case, was more than two years before he filed suit. The Third Circuit discussed the date of release only to show that Plaintiff factually must have been time barred in that case, and in no way held that all Plaintiffs may wait until two years after their release to raise any and all deliberate indifference claims.

The same is true for *Lehman*. In that case, the Ninth Circuit observed that the plaintiff's claim had to have accrued by the time he was released, and that a filing after more than three years from a plaintiff's release date must therefore have been time barred. 224 F. App'x at 707. The release date was mentioned in both cases only to establish the latest possible date of accrual, not to create any rule regarding accrual. The case law is clear – a deliberate indifference claim accrues when a Plaintiff knows or should have known about his injury, which in this case had certainly occurred prior to the filing of Plaintiff's initial complaint. *Heilman*, 2009 WL 82707 at *4; *see also Kach*, 589 F.3d at 634. Plaintiff's argument misstates the holding of both of the cases it relies upon and provides no basis for this Court to conclude that Plaintiff's claims accrued at any point after his original complaint was filed in May 2012.

Because Plaintiff's claims accrued by, at the latest, May 2012, and he did not raise his claims against CMS until more than a year after his two year limitations period had run, which

8

occurred at the latest in May 2014, Plaintiff's § 1983 claims against CMS are time barred. Plaintiff has presented no valid argument for the tolling of the statute of limitations,[2] and this Court perceives no such basis. Accordingly, Defendant's motion to dismiss Plaintiff's claims against CMS with prejudice as time barred is granted. Because Plaintiff's claims against CMS are dismissed as time barred, this Court need not, and will not, address Defendant's remaining arguments.

---

[2] In his brief, Plaintiff does not attempt to argue that the continuing violation doctrine should apply in this matter, and the Court will therefore not address that question in detail *sua sponte*. Suffice it to say, application of the continuing violation theory is proper only where the defendant's conduct amounts to a regular series of acts which may be aggregated to make out a claim, some of which occurred within the applicable limitations period. *See, e.g., O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Were Plaintiff to argue a continuing violation theory, this Court would be required to convert this matter into a motion for summary judgment as the contract provided by Defendant CMS in its motion indicates that CMS provided no services in the prisons of New Jersey after September 30, 2008, and thus it is clear that no act by CMS could have occurred in this matter within the two year limitations period. In sum, even had Plaintiff raised the continuing violation doctrine, it would have been unavailing and Petitioner still would be bound by the accrual date of his claim, which, in the absolute best of cases, could not have been after May 2012 for the reasons discussed above. As Plaintiff has failed to raise the issue, this Court need not convert this matter, and Plaintiff's claims against CMS shall be dismissed for the reasons discussed above.

**III. CONCLUSION**

For the reasons stated above, this Court will grant Defendant's motion to dismiss and will dismiss Plaintiff's claims against CMS with prejudice as time barred.  An appropriate order follows.

　/s/ Susan D. Wigenton　  
SUSAN D. WIGENTON, U.S.D.J.