| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

July 26, 2018

### LETTER ORDER/OPINION

Re:  D.E. 190; Motion to Withdraw
     Campbell v. Woodward, M.D.
     Civil Action No. 12-cv-02750 (SDW-SCM)

Dear Counsel:

Before the Court is the motion by Michael A. Innes, Esq. and Geoffrey W. Castello, Esq. to withdraw as *pro bono* counsel for Plaintiff Hydeacarr Campbell in the above-captioned matter.[1] Counsel also requested an extension of time to oppose Defendant Dr. Ralph Woodward's pending summary judgment motion. Neither motion has been opposed. Upon careful consideration of the docket and the motion record, for the reasons set forth below, the motion to withdraw is **DENIED** and the request for an extension of time to oppose the pending summary judgment motion is **GRANTED**.

---

[1] (ECF Docket Entry No. ("D.E.") 190). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

I.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[2] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes motions to withdraw.[3] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[4]

II.  BACKGROUND AND PROCEDURAL HISTORY

Mr. Campbell filed his prisoner civil rights complaint on May 7, 2012.[5] The Court has since dismissed certain claims, but allowed others to go forward.[6] His application for assignment of *pro bono* counsel was approved by the Honorable Madeline Cox Arleo on March 26, 2014.[7] Mr. Innes was appointed as *pro bono* counsel on August 18, 2015.[8] Mr. Castello entered his appearance for Mr. Campbell on March 2, 2017.[9]

On March 14, 2018, Dr. Ralph Woodward moved for summary judgment seeking the dismissal of all claims by Mr. Campbell against him.[10] On May 15, 2018, Messrs. Innes and

---

[2] 28 U.S.C. § 636(b)(1)(A).

[3] L. Civ. R. 72.1(a)(1).

[4] 28 U.S.C. § 636(b)(1)(A).

[5] (D.E. 1), Complaint.

[6] (D.E. 2, Opinion; D.E. 53, Opinion; and D.E. 86, Opinion).

[7] (D.E. 13), Order.

[8] (D.E. 32), Order Appointing Counsel.

[9] (D.E. 88), Notice of Appearance.

[10] (D.E. 114), Motion for Summary Judgment.

Castello moved to withdraw as counsel and for an extension of time for Mr. Campbell to oppose the summary judgment motion.[11]

III. STANDARD FOR WITHDRAWAL

Our Local Civil Rules provide, in pertinent part, that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."[12] "[T]he decision of whether or not to permit withdrawal is within the discretion of the court."[13] "In granting or denying a motion to withdraw, a court will consider factors such as: [(a)] the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case."[14]

"The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law."[15] Rule of Professional Conduct 1.16 sets forth the situations in which an attorney may or, alternatively, must, withdraw from the representation of a client. Subsection (a) of that Rule, which governs mandatory withdrawal, states, in pertinent part,

---

[11] (D.E.119, 120, 121), Motion to Withdraw and Extension of Time to Oppose

[12] L. CIV. R. 102.1.

[13] *Oliver v. Main,* 2017 U.S. Dist. LEXIS 33160 (D.N.J. Mar. 8, 2017); *Welsh v. Maersk Line, Ltd.,* 2008 U.S. Dist. LEXIS 47992, *2 (D.N.J. June 23, 2008) (citing *Rusinow v. Kamara,* 920 F. Supp. 69, 71 (D.N.J. 1996)).

[14] *Rusinow*, 920 F. Supp. at 71.

[15] L. CIV. R. 103.1.

3

that an attorney "shall withdraw from the representation of a client if . . . (1) the representation will result in violation of the Rules of Professional Conduct or other law; … or (3) the lawyer is discharged."[16] Subsection (b), which governs permissive withdrawal, provides, in relevant part:

> [A] lawyer may withdraw from representing a client if:…
>
>  (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;…; or…
>
> (7) other good cause for withdrawal exists.[17]

IV. <u>DISCUSSION & ANALYSIS</u>

Messrs. Innes and Castello move to withdraw as *pro bono* counsel for Mr. Campbell. Mr. Campbell has neither joined in the motion, nor indicated a desire to proceed *pro se*. Thus, the Local Civil Rule requirement for substituted counsel has not been met.[18] Furthermore, because Mr. Campbell has not terminated his relationship with counsel and there is no allegation that continued representation "<u>will</u> result in violation of the Rules of Professional Conduct or other law,"[19] counsel have no basis for mandatory withdrawal.

There is also no indication that the relationship between Mr. Campbell and counsel has deteriorated to the point where they cannot work together. Mr. Campbell has had three months to locate substitute counsel on his own. He has either been unwilling to change of counsel or is

---

[16] https://www.judiciary.state.nj.us/attorneys/assets/rules/rpc.pdf

[17] R.P.C. 1.16(b).

[18] L. Civ. R. 102.1

[19] R.P.C. 1.16(a).

unable to. Either way, there is no reason to believe that if the Court appointed substitute counsel, that any such attorney would not face the same issue that confronts Messrs. Innes and Castillo.

Instead, Messrs. Innes and Castello seek permissive withdrawal. Counsel argue that they have a "fundamental disagreement" with Mr. Campbell on how to proceed.[20] Still, counsel admit that "Mr. Campbell has not asked, nor suggested that Counsel should take a position ... that they find 'repugnant,' nor has he [rendered the representation unreasonably difficult; or] suggested that they [counsel] do anything that applies to any of the other enumerated factors set forth in RPC 1.16(b) or the applicable rules."[21]

Clients control the "scope and objectives of representation",[22] and the Court is mindful of the difficulties attorneys may face. But here, Mr. Campbell's immediate objective is to oppose the pending summary judgment motion, and he has not and cannot force counsel to violate their ethics. The Court does not find that there is a "fundamental disagreement" that threatens counsel's autonomy or professional responsibility. Counsel have competently and conscientiously represented Mr. Campbell thus far and should continue to so in opposition to the pending motion within the scope of their professional responsibility.[23] If after doing so, Mr. Campbell is not satisfied with the representation provided, he may contact the Court with an

---

[20] (Brief at 4) (citing R.P.C. 1.16(b)(4).

[21] *Id.*

[22] R.P.C. 1.2(a), (c) ("lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent").

[23] R.P.C. 3.1.

5

appropriate application. Thus far, he has not despite having been advised by Messrs. Innes and Castello of what they are and are not willing to do to represent his interests.

Finally, even if there were "good cause" for withdrawal, not evident in the papers here, "other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency."[24] Those factors include, but are not limited to "the prejudice withdrawal may cause to other litigants"; "the harm withdrawal might cause to the administration of justice"; and "the degree to which withdrawal will delay the resolution of the case."[25] This action has been pending for six years and Dr. Woodward's summary judgment motion has been unopposed for three months. The Court's assignment of substitute *pro bono* counsel at this late stage would no doubt delay these proceedings even more. Accordingly, the motions to withdraw are denied.[26] The request for additional time to oppose the summary judgment motion is granted.

An appropriate Order follows:

**ORDER**

IT IS on this Thursday, July 26, 2018,

1. **ORDERED** that the motion by Michael A. Innes, Esq. and Geoffrey W. Castello, Esq. to withdraw as counsel for Plaintiff Hydeacarr Campbell is denied; and it is further

---

[24] *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

[25] *Rusinow*, 920 F. Supp. at 71.

[26] R.P.C. 1.16(c).

2.  **ORDERED** that the request to extend the time for Plaintiff Campbell to oppose the summary judgment motion is granted. Opposition, if any, shall be filed by August 17, 2018 or the motion may be decided as unopposed.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/26/2018 12:26:03 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties